IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY RITA, #A0710322, | ) | CIVIL NO. 06-00613 SOM-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING PETITION |
| | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## ORDER DISMISSING PETITION

On November 16, 2006, *pro se* Petitioner Roy Rita, a Hawaii
prisoner incarcerated at Tallahatchie County Correctional
Facility ("TCCF"), filed a petition for a writ of habeas corpus
under 28 U.S.C. § 2254.  Rita names the State of Hawaii as
Respondent to the petition.  For the following reasons, the court
DISMISSES the petition with leave granted to amend.

### BACKGROUND[1]

Rita challenges his judgment of conviction, entered by the
Circuit Court of the Fifth Circuit, State of Hawaii ("circuit
court") on May 1, 2003, convicting him of continuous sexual
assault of a minor under the age of fourteen, in violation of

---

[1] The facts herein are taken from the Petition and from
*State v. Rita*, 88 P.3d 1209 (Haw. 2004) (unpub. disp.), and *Rita
v. State*, 138 P.3d 1233 (Haw. App. 2006) (unpub. disp.)  Because
Rita has apparently confused the date that his conviction was
affirmed and the date the denial of his Haw. R. Penal P. Rule 40
petition was affirmed, as well as which Hawaii appellate court
entered these respective judgments, the court relies on the dates
given by the Hawaii appellate courts.

Hawaii Revised Statutes § 707-733.5 (Supp. 1997).

Rita directly appealed his conviction, arguing that: "(1) there was insufficient evidence to convict him of the continuous sexual assault charge; (2) the term 'sexual contact' as defined by [Haw. Rev. Stat.] § 707-700 (1993) was unconstitutionally vague, and the circuit court erred by instructing the jury as to the definition of 'sexual contact'; (3) the circuit court erred in failing to instruct the jury as to the elements of Sexual Assault in the Fourth Degree, inasmuch as it is an included offense of Sexual Assault in the Third Degree; (4) his trial counsel rendered constitutionally ineffective assistance; and (5) his conviction ran afoul of *State v. Rabago*, 103 Hawai`i 236, 81 P.3d 1151 (2003)." *Rita v. State*, 138 P.3d 1233, *1 (Haw. App. 2006) (unpub. disp.).

On April 29, 2004, the Hawaii Supreme Court affirmed Rita's conviction by summary disposition order.  The record does not presently show whether Rita sought certiorari from the United States Supreme Court.

In September 2004 Rita filed a post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure.  Rita alleged that his trial and appellate counsel were ineffective on five grounds: "(1) his trial counsel had not investigated the charges, specifically that Rita had sold the PlayStation (which the State had brought into evidence and to which the minor had

2

referred) weeks prior to the date of the first alleged sexual
assault; (2) his trial and appellate counsel had failed to argue
inconsistences between the indictment and continuous sexual
assault statute regarding the minor's age; (3) his trial and
appellate counsel had 'failed to present the evidence that would
prove [his] innocence,' thereby violating his Hawai'i and federal
constitutional rights; (4) his appellate counsel had failed to
argue federal constitutional issues, hindering Rita's ability to
bring his argument before the federal appellate courts; and (5)
his trial counsel had failed to raise the issue of the minor's
alleged perjury when she testified during trial that Rita had the
PlayStation at the time of the alleged sexual assault, when Rita
had sold the PlayStation several weeks prior to the time in
question." *Rita v. State*, 138 P.3d 1233, *1.

On December 10, 2004, the circuit court denied Rita's Rule
40 petition.  Rita appealed this decision to the Hawaii
Intermediate Court of Appeals ("ICA") arguing that his trial
counsel was ineffective for failing to investigate the minor
complainant's false allegation regarding the PlayStation and that
his appellate counsel was ineffective for "(1) not contacting
Rita prior to preparation of the opening brief to obtain Rita's
input on the issues that should have been raised in the brief
and, instead, relying only on the facts in the trial transcripts;
(2) failing to address the issue of the 'facts concerning the

innocence' of Rita; (3) failing to address the fact that his
conviction was unconstitutional pursuant to *State v. Rabago* [];
(4) failing to introduce newly discovered exculpatory evidence
that Rita did not have possession of the PlayStation during the
period in question; and (5) failing to argue constitutional
issues, which hindered Rita's ability to bring his argument
before the federal appellate courts." *Id.* at *2.

On July 27, 2006, the ICA affirmed the circuit court's
denial of Rita's Rule 40 petition, holding that Rita's claims
that his trial counsel was ineffective were "previously ruled
upon or were waived." Haw. R. Penal P. 40(a)(3). The ICA
further held that Rita failed to show that his appellate counsel
was ineffective because he did not meet his burden of
establishing "(1) that there were specific errors or omissions
reflecting counsel's lack of skill, judgment, or diligence; and
2) that such errors or omissions resulted in either the
withdrawal or substantial impairment of a potentially meritorious
defense." *Id.* at *2 (citing *State v. Wakisaka*, 78 P.3d 317,
326-27 (2003)). Rita states that the Hawaii Supreme Court denied
certiorari on October 19, 2006.[2]

Rita claims ten grounds for relief in the present petition:

_____

[2] There is, as yet, no record of Rita's having filed a
petition for certiorari to the Hawaii Supreme Court on the State
of Hawaii's judiciary database. *See*
http://hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm.

(1) innocence, based on his claim that the video game referred to in the indictment was sold prior to the date of the assault (Ground 1); (2) insufficient evidence to convict (Ground 2); (3) prejudicial and illegal charges against him (Ground 3); (4) the circuit court's error in not dismissing the indictment (Ground 4); (5) the circuit court's error in failing to call witnesses (Ground 5); (6) the circuit court's error in failing to give instructions on lesser included offenses to the jury (Ground 6); (7) the vagueness and ambiguity of the term "sexual contact" and the circuit court's failure to properly define it; (8) the government's improper opening statement at trial; (9) the ineffectiveness of both trial and appellate counsel; and (10) "Failure to present exculpatory evidence, as well as inconsist[e]ncies in the  indictment.  Attorney furthermore failed to raise perjury committed by the accuser."  (Pet. 6-11.)

## DISCUSSION

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, allows the district court to dismiss a petition summarily "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

I.    Improper Respondent

Rita names the State of Hawaii and the Hawaii Attorney General as Respondents to his Petition.  A petitioner seeking a writ of habeas corpus under § 2254 must name the state officer having custody of him or her as the respondent to the petition. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); Rule 2(a) 28 U.S.C. foll. § 2254.  The correct respondent will normally be the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions.  *See id.* (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)).  A petitioner's failure to name the custodian of his place of confinement as respondent deprives courts of personal jurisdiction.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  The State of Hawaii is not the warden of the Tallahatchie County Correctional Facility, where Rita is currently incarcerated, and is not a proper respondent to the petition.  The court requires strict compliance with these rules, and the Petition must be dismissed, with leave to amend, on this basis.

II.  Rita Has Not Paid the Filing Fee or Submitted an In Forma
     Pauperis Application.

     Rita neither paid the $5.00 filing fee for this action nor
submitted an *in forma pauperis* application in lieu of the fee.
Parties filing actions in the United States district court are
required to pay filing fees.  *See* 28 U.S.C. § 1914(a).  An action
may proceed without the payment of filing fees only upon the
granting of *in forma pauperis* status.  *See* 28 U.S.C. § 1915.
Rita is directed to either pay the filing fee or submit an *in
forma pauperis* application when he files his amended petition
naming a proper respondent.

III.  The Petition Appears Unexhausted.

     The exhaustion of available state judicial remedies is
ordinarily a prerequisite to obtaining federal habeas corpus
relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404
U.S. 270, 275 (1971).  A petitioner must exhaust all adequate and
available state court judicial remedies by presenting to the
highest state court a fair opportunity to rule on the merits of
each and every issue sought to be raised in the federal court.
*See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999);
*Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Unless another
avenue of relief is mandated by state law, a petitioner may
present his claim either on direct appeal or in state collateral
proceedings.  *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir.
1987).

7

Moreover, to properly exhaust their claims, petitioners must
alert the state courts to their assertion of federal claims.  *See*
*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Lyons v. Crawford*,
232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904
(9th Cir. 2001).  A petitioner must make the federal basis of his
or her claim explicit, either by referring to specific provisions
of the federal constitution or statutes, or citing to federal
case law.  *See Lyons*, 232 F.3d at 668, 670.

District courts must dismiss "mixed" habeas petitions, that
is, petitions containing both exhausted and unexhausted claims.
*Rose v. Lundy*, 455 U.S. 509, 522 (1982).  A petitioner who has
filed a mixed petition, however, has the choice of amending the
petition by deleting the unexhausted claims, or dismissing the
petition and pursuing the unexhausted claims in state court.[3]
*Id.* at 510; *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir.
2005).

A dismissal solely for failure to exhaust is not a bar to
returning to federal court after exhausting available State

---

[3] The district court also has discretion to stay a mixed
habeas petition "to allow the petitioner to present his
unexhausted claims to the state court in the first instance, and
then to return to federal court for review of his perfected
petition." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Stays of
mixed petitions, however, are only available in limited
situations, when the district court determines that the
petitioner had good cause for his failure to exhaust, his claims
are not plainly meritless, and he has not engaged in "abusive
litigation tactics or intentional delay." *Id.* at 277-78.

remedies.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586
(9th Cir. 1995). 360 (9th Cir. 1994); Rule 2(a) of the Rules
Governing Section 2254 Cases in the United States District
Courts, 28 U.S.C. foll. § 2254.

A review of the claims that Rita presented on direct appeal
and in his Rule 40 petition, as set forth in the Hawaii courts'
unpublished opinions, reveals that Rita did not raise Grounds 3,
4, 5, 8, and 10 of the present petition to any state court.
Additionally, many of Rita's state court claims appear to have
been brought solely under state law, and therefore may not have
put the state court on notice that he was also raising federal
issues.  Even when the claims Rita now presents are liberally
construed, he still fails to provide the federal constitutional
basis for most of his claims.

While the court is not now ruling on whether Rita's claims
are exhausted, Rita is notified that it appears that some of his
claims are not.  He should take this into consideration when
amending his petition, as his claims are governed by the statute
of limitation set forth in 28 U.S.C. § 2244(d)(1).[4]  Under the

_____

[4] Under 28 U.S.C. § 2244(d)(1), a one-year period of
limitation governs an application for writ of habeas corpus by a
person in custody pursuant to a state court judgment.  The
limitation period runs from the latest of-

(A)   the date on which the judgment became final by the
      conclusion of direct review or the expiration of the
      time for seeking such review;

(continued...)

9

statute, a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions); *Corjasso v. Ayers*, 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a federal petition); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

The statute of limitation began to run on Rita's claims no later than October 19, 2006, the date he says the Hawaii Supreme Court denied his petition for certiorari in his Rule 40 Petition. While his Petition is pending in this court, the statute is no longer tolled. If this court determines later, after an Answer to the Petition provides the full record, that some of Rita's

---

[4](...continued)

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

claims are, in fact, not exhausted, it must dismiss the petition. Rita would then have the choice of deleting the unexhausted claims and proceeding with any claims that may have been exhausted.  This option would preclude him from raising these claims later.  *See* 28 U.S.C. § 2244(b)(1).  Rita may also attempt to exhaust his claims, then bring them back to federal court after he has done so, although he may run afoul of the one-year statute of limitation when he attempts to present them again at the federal court.

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1.   Rita's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to name a proper respondent, with leave granted to amend. Rita is GRANTED THIRTY DAYS, until **December 27, 2006**, to file an amended petition naming a proper respondent.  Pursuant to Local Rule 10.3, the amended petition must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  The amended petition must be labeled "Amended Petition" and must bear the docket number assigned this case.  Failure to file an Amended Petition within THIRTY (30) days will result in the AUTOMATIC DISMISSAL of this action without prejudice.

2.   Rita is ORDERED to submit the $5.00 filing fee or an *in*

11

*forma pauperis* application at the time he files an amended petition.  Failure to do so may result in dismissal of this action, even if Rita cures the other defects in the Petition. *See In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of *pro se* litigant for failure to pay required filing fees); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee).

        3.  Without ruling on the exhaustion issue, the court cautions Rita that the Petition appears unexhausted.

        4. The Clerk is DIRECTED to send Rita an *in forma pauperis* application and a copy of the court's habeas corpus form so that he may amend his petition.

                IT IS SO ORDERED.

                DATED: Honolulu, Hawaii; November 27, 2006.



                                    _____
                                    Susan Oki Mollway
                                    United States District Judge


RITA v. HAWAII; CIV. NO. 06-00613 SOM-KSC; ORDER DISMISSING PETITION; dmp/Orders 06/Rita 06-613 (hab imp. resp.& exh)