IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY RITA, #A0710322, | ) | CIVIL NO. 06-00613 SOM-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DENY PETITION FOR WRIT OF |
| J. PARKER, et al., | ) | HABEAS CORPUS |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Before the court is *pro se* Petitioner Roy Rita's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254.  The Petition was referred to this court pursuant to Local Rule LR72.5 and 28 U.S.C. § 636(a).  After careful consideration of the Petition, Answer, Traverse, and entire record before the court, the court FINDS that all claims in the Petition are procedurally barred from federal review.  Accordingly, the court Recommends that the Petition be DENIED with PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

Rita challenges his judgment of conviction, entered by the Circuit Court of the Fifth Circuit, State of Hawaii ("circuit court") on May 1, 2003, of continuous sexual assault of a minor under the age of fourteen, in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 707-733.5 (Supp. 1997).[1]  Rita was

_____

[1]Section 707-735.5 states in pertinent part:

(continued...)

originally charged with one count of the continuous sexual

assault of a minor (Count I), and, in the alternative, nine

counts of attempted sexual assault in the first degree (Counts

II-IV), in violation of Haw. Rev. Stat. §§ 705-500 & 707-

730(1)(b). (Resps.' Ex. A, Indictment.)  Prior to trial, the

circuit court dismissed six of the nine attempted sexual assault

charges (Counts V through X). (Resps.' Ex. H.)  At trial, the

jury found Rita guilty of Count I and, as to Counts II, III, and

IV, of three lesser included offenses of sexual assault in the

third degree. (Resps.' Ex. E., *State v. Rita*, SC. No. 25836, Sum.

---

[1](...continued)
(1) Any person who:

    (a) Either resides in the same home with a minor under the
age of fourteen years or has recurring access to the minor;
and

    (b) Engages in three or more acts of sexual penetration or
sexual contact with the minor over a period of time, but
while the minor is under the age of fourteen years, is
guilty of the offense of continuous sexual assault of a
minor under the age of fourteen years.

(2) To convict under this section, the trier of fact, if a jury,
need unanimously agree only that the requisite number of acts
have occurred; the jury need not agree on which acts constitute
the requisite number.

(3) No other felony sex offense involving the same victim may be
charged in the same proceeding with a charge under this section,
unless the other charged offense occurred outside the time frame
of the offense charged under this section or the other offense *is*
charged in the alternative. A defendant may be charged with only
one count under this section unless more than one victim is
involved, in which case a separate count may be charged for each
victim.

Disp. Ord., n.1.)  The circuit court *sua sponte* dismissed the three lesser included charges, finding that Rita could not be found guilty of continuous sexual assault of a minor and any other felony sex offenses involving the same victim.  *See* Haw. Rev. Stat. § 707-733.5(3).

Rita directly appealed, arguing that: (1) there was insufficient evidence to convict him of the continuous sexual assault charge; (2) the term "sexual contact" as defined by [Haw. Rev. Stat.] § 707-700 (1993) was unconstitutionally vague, and the circuit court erred by instructing the jury as to the definition of sexual contact; (3) the circuit court erred by failing to instruct the jury on the elements of Sexual Assault in the Fourth Degree, inasmuch as it is an included offense of Sexual Assault in the Third Degree; (4) trial counsel rendered constitutionally ineffective assistance;[2] and (5) his conviction "ran afoul of *State v. Rabago*, 103 Hawai`i 236, 81 P.3d 1151 (2003)."  (Resps.' Ex. E, *State v. Rita* , No. 25836 (Haw. 2006), sum. disp. ord. 1-2; *see also* Ex. D, Rita's Op. Br. on Appeal).

---

[2] Rita specifically argued that his trial counsel was ineffective for failing to object to: (1) the State's allegedly improper opening statement; (2) the introduction of evidence of a shotgun; (3) the State's alleged misstatement of crucial evidence; (4) the State's leading questions; (5) the introduction of exhibits P12 and P8; and (6) the allegedly erroneous statements of the law and jury instructions. (Resps.' Ex. D 30.) Rita also argued that trial counsel failed to apprise "the jury why the state had not proven its case and therefore [why] Rita must be acquitted." *Id.*

On April 29, 2004, the Hawaii Supreme Court affirmed Rita's conviction. (Resps.' Ex. E)  The supreme court rejected all of Rita's arguments, concluding that: (1) the evidence was sufficient to convict Rita of continuous sexual assault of a minor under the age of fourteen as "the jury could reasonably infer . . . that Rita sexually assaulted [the complainant] on 'three separate occasions'"; (2) Rita's touching of the complainants buttocks constituted sexual contact;[3] (3) sexual assault in the fourth degree is not a lesser included offense of sexual assault in the third degree as it requires a finding of the additional element of compulsion; (4) Rita failed to establish that his trial counsel's "specific errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense," (citing *State v. Poaipuni*, 49 P.3d 353, 358 (2002)), and therefore failed to show ineffective assistance of counsel; (5) Rita's conviction did not run afoul of *State v. Rabago*, inasmuch as (a) *Rabago* struck down only part of Haw. Rev. Stat. § 707-733.5, as unconstitutional, and (b) a "specific unanimity instruction" was not required because the State adduced evidence of only three acts of sexual assault at trial. (Resps.' Ex. E, 2-4.)  Notice and Judgment on Appeal was

---

[3] The court reasoned that: (a) Rita did not meet his burden of showing that the term "sexual contact," as defined by Haw. Rev. Stat. § 707-700, was unconstitutionally vague; and (b) Hawaii courts have consistently recognized buttocks as "intimate parts." (Resps.' Ex. E. 3.)

filed on May 25, 2004. (Resps.' Ex. F.)  The record does not establish whether Rita sought certiorari from the United States Supreme Court.

On September 17, 2004, Rita filed a post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure. (Resps.' Ex. G, *Rita v. State*, S.P.P. 04-1-0009.)  Rita alleged ineffective assistance of trial and appellate counsel on five grounds: (1) trial counsel failed to investigate whether a Playstation offered as evidence for the prosecution at trial was sold before the charges against him arose, and thus, was not in his possession during the alleged assaults; (2) neither trial nor appellate counsel argued inconsistencies in the Indictment and applicable statutes regarding the victim's age; (3) neither trial nor appellate counsel presented evidence of Rita's innocence; (4) appellate counsel failed to argue unspecified federal constitutional violations; and (5) appellate counsel failed to raise the victim's alleged perjury regarding her testimony that the Playstation was in Rita's room during the offenses – when it had allegedly already been sold.  (Resps.' Ex. G 4-5.)

On December 10, 2004, the circuit court denied Rita's Rule 40 petition.  (Resps.' Ex. H.)  The circuit court found that: (1) Rita waived his new claims of ineffective assistance of trial counsel by failing to bring them on direct appeal; (2) neither trial *nor* appellate counsel was ineffective for (a) the failure

5

to investigate whether the Playstation was sold before the sexual assault conduct occurred, because Rita testified that the Playstation was both *broken* and working during the time period of the continuous sexual assault but, despite the opportunity to do so, did not testify that it had been sold; or (b) the failure to raise alleged inconsistencies regarding the victim's age, because trial testimony established that the victim was under the age of fourteen throughout the period alleged in the indictment; (3) Rita failed to identify what evidence of innocence either trial or appellate counsel failed to proffer or what federal constitutional violations his appellate counsel failed to raise; and (4) appellate counsel was not ineffective for failing to raise the victim's allegedly perjured testimony about the Playstation because Rita testified that the Playstation was both broken *and* working during the period at issue, but did not testify that it was sold *prior* to that period. (*Id.* 3-6.)

Rita appealed to the Hawaii Intermediate Court of Appeals ("ICA"), arguing that appellate counsel was ineffective for failing to: (1) correspond with Rita during preparation of the Opening Brief; (2) address Rita's actual innocence; (3) raise the "fact" that his conviction for continuous sexual assault of a minor under the age of fourteen was structurally unconstitutional; (4) raise the fact that exculpatory evidence was not presented at trial; (5) present newly discovered evidence

that the Playstation attested to at trial was not in Rita's possession at the time the sexual acts occurred; and (6) raise unspecified federal constitutional violations.[4]  (Resps.' Ex. I, 2-3.)  Rita also vaguely argued that his trial counsel was ineffective for failing to investigate the victim's allegedly false allegations regarding the Playstation.  (*Id.* 4.)

On July 27, 2006, the ICA affirmed the circuit court, holding that Rita's ineffective assistance of trial counsel claims were "previously ruled upon or were waived." ((Resps.' Ex. J. 5 (citing Haw. R. Penal P. 40(a)(3)).  The ICA further held that Rita failed to establish that appellate counsel was ineffective under Hawaii law, by showing "(1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and  2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." (*Id.* 5-6 (citing *State v. Wakisaka*, 78 P.3d 317, 326-27 (2003)).

On September 18, 2006, Rita appealed to the Hawaii Supreme Court.  (Resps.' Ex. K.)  Rita argued that appellate counsel was

---

[4] Rita claimed that appellate counsel's alleged failures violated various state laws and rules of professional responsibility as well as his rights to due process under the U.S. Constitution. (Resps.' Ex. I, 5.)  As discussed more fully below, Rita did not, however, claim that counsel's alleged ineffectiveness violated his Sixth Amendment right to counsel, or argue the federal standard under which such claims are reviewed. *See Strickland v. Washington*, 466 U.S. 668 (1984).

ineffective by failing to: (1)correspond with him during
preparation of the Opening Brief; (2) address Rita's actual
innocence (i.e., that the Playstation was allegedly sold before
the earliest date alleged in the indictment); (3) address the
fact that Petitioner's conviction was unconstitutional pursuant
to Haw. Rev. Stat. § 707-733.5; (4) argue that exculpatory
evidence was not presented at trial; (5) present newly discovered
evidence;[5] and (6) raise constitutional violations as to his
"unlawful conviction" pursuant to Haw. Rev. Stat. § 707-733.5.
Rita claimed that, under *State v. Rabago*, *supra*, a conviction
under Haw. Rev. Stat. § 707-733.5 would deprive a defendant of
rights guaranteed under the Fifth and Fourteenth Amendments to
the U.S. Constitution. (Resps.' Ex. K, 4.) On October 19, 2006,
the Hawaii Supreme Court rejected Rita's application for writ of
certiorari. (Resps.' Ex. M.)

On January 3, 2007, Rita filed the instant Amended Petition,
as well as a "Memorandum in Support of Arguments Raised in Lower
State Courts To Support Issues Raised in Habeas Corpus Petition
Pursuant to 28 U.S.C. § 2254" ("Memorandum"). (Doc. Nos. 8 & 9.)

Rita raises ten grounds for relief: (1) innocence, based on
his claim that he sold the Playstation prior to the dates alleged

---

[5] This evidence is apparently Robert Tamashiro's affidavit,
executed on August 24, 2004, stating that he bought Rita's Sony
Playstation "on or about May 1999," prior to the dates alleged in
the Indictment. (*See* Resps.' Ex. I, attachment; Ex. K at 3.)

in the indictment (Ground 1); (2) insufficient evidence to
convict (Ground 2); (3) prejudicial and illegal charges (Ground
3); (4) the circuit court erred by not dismissing the indictment
(Ground 4); (5) the circuit court erred by failing to call
witnesses (Ground 5); (6) the circuit court erred by failing to
give instructions on lesser included offenses to the jury (Ground
6); (7) the vagueness and ambiguity of the term "sexual contact"
and the circuit court's failure to properly define it; (8) the
State's improper opening statement at trial; and (9) the
ineffectiveness of both trial and appellate counsel, as evidenced
by their (10) "Failure to present exculpatory evidence, as well
as inconsist[e]ncies in the indictment.  Attorney furthermore
failed to raise perjury committed by the accuser."  (Pet. 6-12.)
Rita also argues that his appellate counsel was ineffective for
failing to raise unspecified violations of the United States
Constitution.  (Pet. 6-13, Memorandum 2-3.)

### LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA), 28 U.S.C. § 2254, a writ of habeas corpus may not
be granted unless it appears that the petitioner has exhausted
all available state court remedies.  28 U.S.C. § 2254(b)(1); *see
also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v.
Lundy*, 455 U.S. 509 (1982).  To properly exhaust state remedies,
the petitioner must "fairly present" his claims to the state's

highest court in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201-02 (9th Cir. 2005).  A petitioner may present his claims either on direct appeal or in state collateral proceedings.  *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

To fairly present a claim, the petitioner must describe the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).  If a petitioner does not clearly alert the state court that he is alleging a specific federal constitutional violation, the petitioner has not fairly presented the claim.  *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked the specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" is insufficient to present federal claim); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and

federal error is insufficient to establish exhaustion.").

A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).  However, if a petitioner does not label his claim as federal, the mere citation to a state case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim.  *See Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir.), *cert. denied*, --- U.S. ----, 126 S.Ct. 738 (2005).  If a petitioner's habeas claim includes new factual allegations not presented to the state court, the claim is unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Moreover, a prisoner must "'fairly present' his claim *in each appropriate state court* (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 27-28 (2004) (internal quotation marks and citations omitted) (emphasis added); *Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) (accord); *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir.

1991) (holding that petition was properly dismissed because five of six claims were not presented at every level of direct review).

There are two ways that exhaustion may be accomplished.  A petitioner may *actually* exhaust his claims by fairly presenting them as federal as well as state claims, in a proper procedural manner to the state courts.  *Baldwin*, 541 U.S. at 29 (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)); *Fields*, 401 F.3d at 1020; *Lyons*, 232 F.3d at 668.  This "give[s] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[,]" in the first instance.  *Duncan*, 513 U.S. at 365.

A petitioner can also *technically* exhaust state remedies by either showing that the state court explicitly denied a claim on procedural grounds, or, if the claim was never presented to the state courts, that no state remedies remain available.  *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005), *cert. denied*, *Schriro v. Cassett*, --- U.S. ----, 126 S. Ct. 1336 (2006) ("[T]he procedural default rule . . . applies . . . when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.") (citing *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted)); *Beaty v.*

*Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

A state court's application of a procedural bar effectively exhausts the claim because "no state remedies remain available." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983) (citing *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982)). "Because the exhaustion requirement refers only to remedies still available at the time of the federal petition, if a petitioner failed to present his claims in state court and can no longer raise them through any state procedure, state remedies are no longer available and are exhausted." *Rivas v. Schriro*, No. CV-05-434-PHX-DGC (BPV), 2006 WL 987990, at *8 (D. Ariz., April 13, 2006) (citations omitted).

Procedural default arises because, pursuant to a state court's procedural rules, a return to state court to exhaust the claims would be futile. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Coleman*, 501 U.S. at 735 n.1 (stating that a claim is procedurally defaulted when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

## DISCUSSION

Respondent argues that Rita failed to fairly present his claims in Grounds One through Eight as federal issues, either on direct appeal, or in his Rule 40 proceeding.  Respondent further

13

argues that Rita failed to fairly present any of his ineffective assistance of trial counsel claims, and most of his ineffective assistance of appellate counsel claims in Grounds Nine and Ten as federal issues to the state courts.[6]  The court agrees. Respondent claims, however, that Rita "stated a federal claim" for *one* ineffective assistance of appellate counsel claim in Ground Nine, by arguing in his Rule 40 proceeding that appellate counsel "fail[ed] to argue that his conviction for violating HRS § 707-735.5 infringed rights protected by the U.S. Constitution." (Ans. 30.)  The court does not agree that Rita properly raised a federal issue of ineffective assistance of appellate counsel to any state court.

I.   Rita' Claims Were Not Fairly Presented as Federal Issues.

     A careful reading of Rita's state court briefs on direct appeal and in his Rule 40 Petition reveals that his present claims in Grounds One through Ten were never fairly presented as federal issues to the Hawaii state courts.  (*See* Resps.' Exs. D.,G., J., K., and N.)

     A.   Ground One

     In Ground One, Rita claims "actual innocence," as evidenced by his allegation that he sold the Playstation prior to the dates

---

     [6] Respondent concedes that Rita raised ineffective assistance of *trial* counsel claims as a violation of the Sixth Amendment right to counsel on direct appeal.  Respondent argues that those claims are not the same claims that Rita raises in the present Amended Petition.  The court agrees.

alleged in the indictment.  First, Rita does not alert this court
to the federal issue being raised in this claim, or under which
constitutional guarantee his rights were allegedly violated.
Second, Rita did not present this claim prior to trial, at trial,
or on direct appeal, although he certainly knew of the claim, as
he was the person who allegedly sold the Playstation prior to the
dates alleged in the indictment.

Rita disingenuously argues that this claim "had been
withheld at trial and on direct appeal." (Pet. 6.)  If this
claim was "withheld" at trial, Rita himself withheld it, as he
concedes that he "failed to advise the court" during his trial
testimony that he had sold it before the acts occurred. (Resps.'
Ex. K, 3.)  To be precise, if, as Rita now claims, he sold the
Playstation in May 1999, before the sexual acts occurred, he was
certainly aware of this fact at trial and on direct appeal.  Rita
cannot claim that he sold the Playstation in 1999, and also claim
that he has "newly discovered evidence" of his innocence
sufficient to vacate his conviction, based on his sale of the
Playstation.

Rita presented a similar claim in his Rule 40 Petition, in
support of an ineffective assistance of counsel claim, for
counsel's supposed failure to raise the victim's alleged perjury.
(*See* Resps.' Ex G ¶ A©.)  It appears, however, that Rita was
simply attempting to "bootstrap" this claim to an ineffective

15

assistance of counsel claim, because he realized that he had waived this claim at trial and on appeal.  Even so, Rita never raised the claim as a federal issue in his Rule 40 petition.  Nor was this claim treated as a federal claim by the circuit court or the ICA.  The court finds that this claim was never fairly presented as a federal claim and, as discussed below, that it is now impliedly barred in state court.  *See Cassett*, 406 F.3d at 621 n.5.

      B.  <u>Ground Two</u>

In Ground Two, Rita claims that there was insufficient evidence to convict him, stating that "the charges of sexual contact did not agree with the Statute that [he] had been convicted of."  (Pet. 7.)  Again, he fails to assert a federal basis for this claim in this Petition.  Rita raised this claim on direct appeal, but presented it solely as a violation of Haw. Rev. Stat. § 707-700.[7]  (*See* Resps.' Ex. D. 10.)  Rita alleged that, because trial testimony supported only that Rita ejaculated on the Complainant's buttocks, the third charge did not establish "sexual contact" pursuant to the statute.  The supreme court, analyzing Hawaii statutes and case law, held that the evidence

_____

[7]Section 707-700 states in relevant part:

"Sexual contact" means any touching of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

was sufficient to establish sexual contact.[8]  Rita did not raise

this issue in his Rule 40 proceeding.  Clearly, Rita did not

fairly present this claim as a federal issue, and this court may

not review a state court's determination of its own law.  *Estelle*

*v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province

of a federal habeas court to reexamine state-court determinations

on state-law questions.").  This claim, if it is in fact a

federal claim, was never fairly presented as such in the state

courts, and is now impliedly barred.

    C.  <u>Ground Three</u>

In Ground Three, Rita claims the charges against him were

"prejudicial and illegal," alleging that the "charges . . . did

not line up with the Statutes."  (Pet. 9.)  He again fails to

explain what federal claim he is making or otherwise clarify this

claim.  Rita presented this claim on direct appeal, however,

arguing that, when a defendant is charged under Haw. Rev. Stat.

§ 707-735.5, no other felony offenses may be charged in the same

proceeding.[9]  This claim was argued exclusively under Hawaii law

---

    [8] While making no determination here, this court notes that
ejaculating on the victim's buttocks would also amount to
unlawful "touching" or assault, under federal law. *See United
States v. Lewellyn*, --- F.3d ---, 2007 WL 676983, No. 06-30185,
*3 (9th Cir. March 7, 2007) (holding that intentionally spitting
in victim's face was an offensive touching that rose to the level
of criminal assault).

    [9] Section 707-735.5 states in pertinent part:

        (continued...)

as a violation of Hawaii statutes.  The supreme court treated it as raised solely under Hawaii law, and rejected it as such; no federal claim was raised.  (*See* Resps.' Ex. D. 14-17.)  This claim was never fairly presented as a federal issue and is now impliedly procedurally barred.

      D.   <u>Ground Four</u>

     In Ground Four, Rita claims the circuit court erred by refusing to dismiss the indictment.  Rita claims that the evidence was "a mere figment of a child's imagination and not fact carrying an ounce of truth."  (Pet. 11.)  He does not direct the court to the federal claim being raised.  On direct appeal, although Rita argued that the indictment should be dismissed due to insufficient evidence, he did not argue that the dismissal should be based on the child's alleged duplicity.  (*See* Resps.' Ex. D, 17-19.)  Rita simply argued that the indictment should be dismissed "for the reasons stated above . . . as there was no sufficient evidence put forth at the Grand Jury Hearing."  (*Id.*,

---

[9](...continued)
(3) No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside the time frame of the offense charged under this section or the other offense *is charged in the alternative*. A defendant may be charged with only one count under this section unless more than one victim is involved, in which case a separate count may be charged for each victim.

(emphasis added). The charges in question here were explicitly charged in the alternative. (*See* Resps.' Ex. A, Indictment, 2.)

18-19.)  "Above" refers to Rita's argument that, under Haw. Rev.

Stat. § 707-733.5, no other felony offenses may be charged in the

indictment, and that therefore, the judge was incorrect in

dismissing Counts II, III, IV, the lesser included offenses, and

not also dismissing Count I.  (*Id.* 14-16.)

First, Rita did not raise the claim in Ground Four, that the

victim was a known liar, on direct or collateral appeal.  Second,

he failed to fairly present his "similar" claim as a federal

issue to the state courts.[10]  As such, this claim is impliedly

procedurally defaulted.

E. <u>Ground Five</u>

In Ground Five, Rita claims the circuit court erred "for not

calling witnesses," alleging that these witnesses would have

testified to the victim's bad character.  He made a somewhat

similar claim on direct appeal, arguing that the court violated

Haw. R. Evid. 608 and 802.1, by not allowing one witness, Agnes

Marti Kini, to testify.  (Resps.' Ex. D, 19.)  State court

evidentiary rulings are not subject to habeas review unless they

---

[10] Rita did mention the Double Jeopardy Clause of the Fifth
Amendment in conjunction with his claim on direct appeal.
(Resps.' Ex. D, 18.) It appears, however, that he was arguing
that, if the supreme court accepted his argument that the
indictment should be dismissed as faulty under § 707-735.5, Rita
was not waiving his protections against double jeopardy by moving
for a new trial.  As the supreme court did not accept the
argument, Rita's double jeopardy argument did not become ripe and
was never addressed. Thus, this argument did not elevate Rita's
claim into a fairly presented federal issue.

are so prejudicial as to violate fundamental due process and the right to a fair trial. *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir. 1990). Rita did not, and indeed, does not, claim that these allegedly improper evidentiary rulings violated his federal due process rights. Nor did he make any other argument that these claims violated federal law. This claim was not fairly presented and is now impliedly barred from further review in the state court.

F.   Ground Six

In Ground Six, Rita argues that the circuit "court erred when it failed to give lesser included [offense] instructions to the jury." (Pet. 12A.) Rita makes no further argument in support of this claim. Rita raised this claim on direct appeal, arguing that sexual assault in the fourth degree, Haw. Rev. Stat. § 707-733(1)(a), is a lesser included offense of sexual assault in the third degree under Haw. Rev. Stat. § 707-732(1)(b), and should have been instructed as such. The supreme court rejected this claim, on state law grounds, finding that sexual assault in the fourth degree required an additional element, compulsion, than sexual assault in the third degree, and was thus, not a lesser included offense.[11] *See State v. Buch*, 926 P.2d 599, 604

_____

[11] Rita was convicted of sexual assault in the third degree under Haw. Rev. Stat. § 707-732(1)(b), which requires only that a person knowingly subjects to sexual contact another person who is less than fourteen years old. In contrast, § 707-732(1)(a)
(continued...)

20

(Haw. 1996).  Rita never fairly presented this claim in a manner that would alert the state court that he was also making a federal claim and he is now impliedly barred from doing so.

G.   Ground Seven

In Ground Seven, Rita states, in total, that the term "'sexual contact' is vague and ambiguous and the [circuit] court failed to define" it properly.  (Pet. 12A.)  No federal claim is raised or argued.  Rita raised this claim on direct appeal, arguing that Haw. Rev. Stat. § 707-700's definitions are unconstitutionally vague and ambiguous.  In his Opening Brief, Rita's appellate counsel argued for more than six pages on this point, under California law, Hawaii law, and the dictionary, belaboring his claim that "buttock" is an unacceptably vague term for intimate parts.

Rita's attorney then plagiarizes a direct quote from *State v. Richie*, 960 P.2d 1227, 1239 (Haw. 1996), for more than a page and a half, without attributing *Richie* as his source.  (*See* Resps.' Ex. D. 26-27.)  This quote, which is actually a quote of a quote of a quote, dealt with a vagueness challenge to Haw. Rev. Stat. § 707-700's definition of "sexual contact," and sets forth the Hawaii standard of review for constitutional challenges to

---

[11](...continued)
(1993), requires a person to recklessly subject another person to sexual penetration by compulsion.  Rita was not convicted of sexually penetrating the victim under compulsion.

criminal statutes based on vagueness and overbreadth.  The *Richie*
quote refers to "due process of law," and states that Hawaii does
not depart from federal law and standards in reviewing a
vagueness challenge to a criminal statute.  *See Richie*, 960 P.2d
at 1239 (quoting *State v. Bates*, 933 P.2d 48, 57-58 (Haw. 1997)
(quoting  *State v. Gaylord*, 890 P.2d 1167, 1178 (Haw. 1995))
(further block quotes and citations omitted).  These cases,
however, all analyzed vagueness challenges to Hawaii statutes,
exclusively under Hawaii case law.  The *Richie* court held that §
707-700's definition of sexual contact, as analyzed under
Hawaii's long-standing standard of review for such challenges,
was "crystal clear."  *Richie*, 960 P.2d at 1239.

Rita follows this attenuated, unattributed quote by further
citation to and discussion of Hawaii's law and statute.  This
court finds that Rita's plagiarized statement, making a vague
reference to federal law as applied in Hawaii to Hawaii statutes,
was not sufficient to alert the supreme court that Rita, in
quoting the supreme court's own language, was also arguing that
Haw. Rev. Stat. § 707-700 was vague and ambiguous under federal
law.  This claim was not fairly presented as a federal issue and
is now defaulted in state court.

H. <u>Ground Eight</u>

In Ground Eight, Rita claims that the prosecution's opening
statement is improper.  Rita made this argument on direct appeal,

22

relying exclusively on *State v. Simpson*, 641 P.2d 320 (Haw.
1982). (Resps.' Ex. D. 28.)  He made no federal claims in
support of this ground, and in fact, does not do so now.  This
claim was never fairly presented as a federal issue and is now
procedurally defaulted in state court.

    I.   <u>Ineffective Assistance of Trial Counsel Claims</u>

     In Grounds Nine and Ten, Rita asserts that his trial counsel
was ineffective for his failure to present exculpatory evidence,
raise an objection as to the victim's alleged perjury, or argue
"inconsistencies in the indictment."  First, as discussed *supra*,
pp. 2-6, these are not the same ineffective assistance of trial
counsel claims that Rita raised either on direct appeal or in his
Rule 40 Petition.

     Second, although Rita's counsel mentioned the Sixth
Amendment in conjunction with his ineffective trial counsel
claims on direct appeal, he explicitly argued that the federal
standard of review for such cases does not apply in Hawaii, and
relied exclusively on Hawaii's more protective standard.
(Resps.' Ex. D, 29); *see also State v. Poaipuni*, 49 P.3d 353, 358
(Haw. 2002) (stating that defendant raising ineffective
assistance of counsel need not prove that the alleged error or
omission resulted in "actual prejudice," as required under
federal law) (citations omitted).  Hawaii's determination turns
on "whether a defense is 'potentially meritorious' [and] requires

an evaluation of the possible, rather than the probable, effect of the defense on the decision maker." *State v. Briones*, 848 P.2d 966, 977 (Haw. 1993) (rejecting federal requirement of actual prejudice).

In contrast, to prevail on a federal claim of ineffective assistance of counsel, a petitioner must show both that (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To do so therefore requires a showing of actual prejudice. *Id.* at 694. Rita thus failed to fairly present his ineffective assistance of trial counsel claims as federal claims, arising under the Sixth Amendment and subject to the federal standard of review as set forth in *Strickland* and its progeny.

Third, and most importantly for this discussion, in Rita's Rule 40 proceeding both the circuit court and the ICA explicitly held that his ineffective assistance of trial counsel claims were waived, and procedurally defaulted, pursuant to Rule 40 of the Hawaii Rules of Penal Procedure, by his failure to raise those same claims on direct appeal. Rule 40 states in pertinent part:

> *Inapplicability*. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus

24

> proceeding or any other proceeding actually conducted,
> or in a prior proceeding actually initiated under this
> rule, and the petitioner is unable to prove the
> existence of extraordinary circumstances to justify the
> petitioner's failure to raise the issue. There is a
> rebuttable presumption that a failure to appeal a
> ruling or to raise an issue is a knowing and
> understanding failure.

Haw. R. Penal P. 40(a)(3).  The Hawaii Supreme Court affirmed

these decisions.  This court finds Rita's ineffective assistance

of trial counsel claims in Grounds Nine and Ten are explicitly

procedurally defaulted in state court.

    J.   <u>Ineffective Assistance of Appellate Counsel Claims</u>

     In Grounds Nine and Ten, Rita also alleges ineffective

assistance of appellate counsel, for counsel's alleged failure to

present exculpatory evidence, raise inconsistencies in the

indictment, and raise the victim's alleged perjury.  (Pet. 12A.)

Rita makes no further argument in clarification of these grounds,

federal or otherwise.  Reviewing all of Rita's briefs in the

record, particularly his Rule 40 petition and Opening Brief on

appeal of its denial, the court construes "exculpatory evidence"

as referring to Rita's allegation that the Playstation was

allegedly sold, the "victim's perjury," as her testimony that she

played with the Playstation during the assaults, and

"inconsistencies in the indictment" as his claim that the

victim's age did not correspond with the age alleged in the

indictment and required by the statute.

     Rita raised these claims in his Rule 40 petition to the

circuit court.  He argued that appellate counsel: (1) failed to argue inconsistencies over the victim's age between the Indictment and the statute; (2) failed to present unspecified exculpatory evidence of his innocence in violation of unspecified rights guaranteed by the Hawaii and U.S. Constitutions; and (3) failed to raise the victim's alleged perjury.  He also argued that appellate counsel failed to argue unspecified federal constitutional violations.  (*See* Resps.' Ex. G ¶ A(b)-(e).)  Rita offered no further argument in support of these claims.  These broad, unspecified allegations of constitutional violations, without any specific reference to federal law or to the specific governing constitutional provisions, did not fairly present these claims as federal issues to the circuit court.  *See Lyons*, 232 F.3d at 668, 670.

     On appeal to the ICA, Rita's ineffective assistance of appellate counsel claims were somewhat altered.  The main thrust of Rita's argument to the ICA was that appellate counsel failed to consult with him before preparing the Opening Brief.  Rita alleged that, by failing to do so, counsel violated Rita's due process rights to a fair trial as guaranteed under the Hawaii and U.S. Constitutions.  (Resps.' Ex. I, 5.)  Rita claimed that, if counsel had consulted with him, counsel would have learned about the allegedly exculpatory Playstation evidence and could have then raised that issue on appeal, as well as the victim's

perjury. (*Id.* 5-6.) Rita also claimed that appellate counsel was ineffective for failing to argue that a conviction under § 707-733.5 had been declared unconstitutional by the Hawaii Supreme Court in *State v. Rabago*, *supra*, under both the Hawaii and U.S. Constitutions, as a violation of due process. (*Id.* 7-9.).

First, although Rita arguably raised federal claims to the ICA, they are not the same claims that Rita raises in the instant Petition, or in fact, that he raised to the circuit court. *See Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (holding that, while petitioner exhausted one ineffective assistance of counsel claim, based on counsel's failure to object to prosecutorial misconduct, he did not exhaust related claim premised on counsel's failure to file a motion to recuse the prosecutor on the same grounds); *Cruz v. Warden of Dwight Corr. Ctr.,* 907 F.2d 665, 667-69 (7th Cir. 1990) (holding that changing a claim that counsel was ineffective during the trial to a claim that counsel prepared ineffectively before the trial, fails to exhaust the claim).

In addition to explicitly referencing federal law, a petitioner must "describe [] the operative facts . . . upon which his claim is based" in order to comply with the fair presentation requirement. *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986)). In this Petition, Rita does not claim that, *because his*

27

*counsel failed to consult with him*, and thus, failed to learn
about and argue the exculpatory Playstation evidence and its
effect on the victim's testimony, counsel rendered ineffective
assistance.   Nor does Rita present his *Rabago* argument in any
manner in this Petition, or raise the issue of § 707-733.5's
alleged unconstitutionality as applied to him.   "Petitioners must
plead their claims with considerable specificity before the state
courts in order to satisfy the exhaustion requirement." *Rose v.
Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005) (citing *Duncan*,
513 U.S. at 366 ("[M]ere similarity of claims is insufficient to
exhaust"); *Lyons*, 232 F.3d at 668.

Second, the right to effective assistance of counsel arises
under the Sixth Amendment's guarantee of counsel during criminal
proceedings, not under the Fifth or Fourteenth Amendments' rights
to due process.   Although Rita's due process claim is related to
his claim of ineffective assistance, it is, in fact, a separate
claim.   He did not fairly present a Sixth Amendment claim to the
ICA by arguing that his counsel's ineffectiveness resulted in due
process violations.   Sixth Amendment ineffective assistance of
counsel claims, while at times related to due process claims,
"are distinct claims with separate elements of proof, and each
claim [must be] separately and specifically presented to the
state courts." *Rose*, 395 F.3d at 1112 (citing *Kimmelman v.
Morrison*, 477 U.S. 365, 374 & n.1 (1986) (distinguishing between

28

a Fourth Amendment suppression claim and a Sixth Amendment ineffective assistance claim based on failure to litigate competently the Fourth Amendment issue, and stating that "[w]hile defense counsel's failure to make a timely suppression motion is the primary manifestation of incompetence and source of prejudice advanced by respondent, the two claims are nonetheless distinct, both in nature and in the requisite elements of proof")).

Moreover, the ICA did not treat Rita's ineffective assistance of appellate counsel claims as raising a federal issue to be analyzed under federal law.  The ICA reviewed and rejected Rita's ineffective assistance of appellate counsel claim as arising under Hawaii's standard, as set forth in *State v. Wakisaka*, 78 P.3d 317, 326-27 (2003), which simply follows the *Briones* precedent rejecting the federal requirement of actual prejudice in favor of probable consequences. (*See* Resps.' Ex. J, 5-6.)  Clearly, Rita did not alert the ICA that he was attempting to raise a federal claim of ineffective assistance of counsel under the Sixth Amendment and federal law.

Finally, Rita's ineffective assistance of appellate counsel claims are frivolous, without a trace of support in the record, and contradicted by Rita's own statements.  In contrast to his self-serving claim that appellate counsel failed to consult with him before filing the Opening Brief on direct appeal, Rita states that "[a]t trial and *during appeal*, petitioner argued with trial

29

counsel, *as well as appellate counsel*, that the 'play station'
had not been in the house . . . during the time in question."
(Resps.' Ex. I, Op. Br. on Appeal of Rule 40 Petition, 6
(emphasis added).)

Additionally, Rita's claim that appellate counsel failed to
present exculpatory evidence, which he claims is "newly
discovered," as well as the failure to argue the victim's alleged
perjury on this subject, is ludicrous at best and mendacious at
worst, and in either case, not credible.  Rita has consistently
asserted that **he** sold the Playstation prior to the sexual acts
for which he was convicted occurred.  (Pet. 6; Resps.' Ex. I, 6;
Resps.' Ex. G, ¶ A; Resps.' Ex. K, 3.)  Rita also admits that he
"failed to advise the court" during his testimony that he sold
the Playstation.  (Resps.' Ex. K, 3.)  Rita does not explain how
the Playstation evidence can be "newly discovered," if (1) he
sold it himself long before trial commenced, and (2) he admits
that he knew about it but "failed" to testify to it in court.
Nor does Rita explain how his appellate attorney could have
introduced Tamashiro's affidavit, which is Rita's ostensible
proof in his Rule 40 Petition that this evidence is newly
discovered, when the affidavit was executed months *after* Rita's
direct appeal concluded.

In light of the above, this court finds that Rita failed to
present his ineffective assistance of counsel claims as federal

claims to the state courts and has, therefore, impliedly procedurally defaulted those claims.

II.  Rita's Claims Are Procedurally Barred.

The question now becomes, whether Rita has procedurally defaulted his ineffective assistance of counsel claims at the Hawai`i courts, precluding this court from reviewing those claims?  The court finds that he has.

A.  Rule 40(a)(3) is Independent and Adequate.

As discussed *supra*, § I.J., under Hawaii law, state prisoners are precluded from filing petitions for post-conviction relief if the issue was either previously ruled upon or was "knowingly and understandingly" waived by the failure to raise it before trial, at trial, on appeal, or by any other means, and there are no "extraordinary circumstances" justifying the failure to raise the issue. Haw. R. Penal P. 40(a)(3); *State v. Ng*, 93 P.3d 1181, 1184-85 (Haw. Ct. App. 2004) (holding that petitioner's ineffective assistance claims were procedurally barred under Rule 40(a)(3)).

When a petitioner defaults his federal claim in state court pursuant to an "independent and adequate" state rule, federal habeas review on the merits is barred. *Coleman*, 501 U.S. at 722-23; *Wainwright v. Sykes*, 433 U.S. 72, 81, 87 (1977); *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003) (finding that Hawai`i's Rule 40(a)(3) is well-established and consistently

31

applied, and therefore, an adequate and independent ground sufficient to support a finding of procedural default).

Rule 40 is independent of federal law, firmly established, and has been regularly followed since long before Rita was convicted and after. *See, e.g.*, *Ng*, 93 P.3d at 1184-85; *Adams v. State*, 81 P.3d 394, 400-01 (Haw. 2003); *Fragiao v. State*, 18 P.3d 871, 877-79 (Haw. 2001); *Tachibana v. State*, 900 P.2d 1293, 1299 (Haw. 1995). Each of these cases examined Rule 40(a)(3), and upheld waiver of the claim where appropriate.

Here, Rita's claims would be deemed waived if he were now to bring them back to the Hawaii state courts as federal claims. This is clear not only from the consistency with which Hawaii has applied Rule 40(a)(3), but also from both the circuit court's and the ICA's explicit reliance on Rule 40(a)(3) in their separate opinions denying Rita's ineffective assistance of trial counsel claims as procedurally defaulted. (*See* Resps.'s Exs. MM, 687-88 & SS, 855-56.)

Moreover, having found that Rita's ineffective assistance of trial and appellate counsel claims failed under Hawaii's more lenient standard of review, it is doubtful the state court would welcome a new petition raising the same claims based on the more stringent federal law.  The court finds that Rita's claims are procedurally defaulted in the state court.

B. Procedural Bar in Federal Court.

When a state prisoner has procedurally defaulted his federal claims in state court, federal habeas review is precluded unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in the fundamental miscarriage of justice.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Cockett*, 333 F.3d at 943.

To establish cause, a petitioner must establish that "some objective factor external to the defense impeded [his efforts] to comply with the State's procedural rule." *Carrier*, 477 U.S. at 488-89 (examples include the unavailability to counsel of a factual or a legal basis for the claim, interference by state officials, or constitutionally ineffective assistance of counsel).  Prejudice is proved by demonstrating that the alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).  If a petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Rita has not established any factor, external to his

33

defense, that prevented him from fairly presenting the claims raised herein as federal issues.  First, most if not all of his claims in Grounds One through Eight are alleged violations of state law, and do not arise under federal law.  Moreover, Rita was represented by counsel on appeal, who could have made a federal basis to these claims explicit if he chose.  It is also clear that appellate counsel made a well-reasoned decision not to raise his ineffective assistance of trial counsel claims under the federal standard.

Rita cannot claim State interference for his own failure to fairly present his claims as federal issues, as he was clearly able to file his Rule 40 petition, his appeal to the ICA, his application for certiorari, and the present Petition, without any apparent interference.  Rita could have raised federal claims at any of these junctures but he did not.  Nor does he allege that any other objective external factor prevented him from raising the federal bases of his claims in his Rule 40 proceeding.

It is also clear that Rita did not default because new factual or legal issues were unavailable to him at trial, on appeal, or when he brought commenced his Rule 40 proceeding.  The only "new" factual issue Rita raises is his allegation that the Playstation was sold long before the acts occurred or trial commenced.  As discussed, this is not new evidence and cannot serve as cause for his default.

34

Moreover, because Rita failed to fairly present his ineffective assistance of counsel claims as federal claims, he may not use these claims to establish cause for a procedural default in a federal habeas proceeding. *Carrier*, 477 U.S. at 488-89; *Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1275 (D. Haw. 1999). For federal court review, the ineffective assistance of counsel claims must also have been fairly presented and properly exhausted. Rita has failed to establish cause for his procedural default, and the court need not consider the issue of prejudice.

Rita also fails to establish that his claims require federal review to prevent a fundamental miscarriage of justice. This exception "applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime and petitioner supplements his constitutional claim with a colorable showing of factual innocence[.]" *Casey v. Moore*, 386 F.3d 896, 921 n.27 (9th Cir. 2004). To establish actual innocence a petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence . . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual

35

innocence has been summarily rejected.") (internal quotation marks and citations omitted).  As discussed in detail above, Rita has simply presented no credible evidence of actual innocence, his allegations regarding the Playstation notwithstanding.  Rita has not established that it is more likely than not that no reasonable juror would have found him guilty based on his claims of attorney error.  *Schlup*, 513 U.S. at 327.

### CONCLUSION

Based on the foregoing, this court FINDS that the Petition is technically exhausted, is procedurally defaulted in the state courts, and is procedurally barred from review by this court. Accordingly, the court RECOMMENDS that the Petition be DENIED with prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii,  May 7, 2007.



Kevin S.C. Chang
United States Magistrate Judge

RITA v. HAWAII; CIV. NO. 06-00613 SOM-KSC; FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS; dmp/Habeas 07/Rita 06-613 (proc. bar)